JUSTICE NELSON
concurs and dissents.
¶65 I concur as to Issue 2. I join Chief Justice Gray’s Dissent as to issues 3 and 4, and I dissent from the Court’s decision as to Issue 1, and would remand for a new trial as to that issue also.
*261 ¶66 Section 46-16-114(2), MCA, provides:
The prosecutor and the defendant or the defendant’s attorney shall conduct the examination of prospective jurors. The judge may conduct an additional examination. The judge may limit the examination by the defendant, the defendant’s attorney, or the prosecutor if the examination is improper.
¶67 We are required to declare what is in terms or in substance contained in the statutes of this State, neither adding what has been omitted nor omitting what has been inserted. Section 1-2-101, MCA. Here, the plain language of the statute provides that the court may limit the examination of prospective jurors “if the examination is improper.” There is nothing in the statute that allows the court to set arbitrary time limits on counsel’s voir dire examination-at least absent counsel asking improper questions. This right of voir dire belongs to the defendant and may not be arbitrarily fettered by the trial judge. More to the point, there is no evidence in this case that defendant’s counsel asked any “improper” questions of the prospective jurors. If, because of intolerably crowded court dockets, the time has come in Montana to require that the trial judge conduct the voir dire (as in the federal courts) or to allow the court to arbitrarily impose time limits on counsel’s voir dire, then the Legislature should enact that change, not the judiciary. I would apply § 46-16-114(2), MCA, as it is written and hold that the trial court erred in imposing arbitrary time limits on counsel’s voir dire. I would reverse and remand for a new trial on that issue also.
¶68 I concur with Issue 2; I dissent from Issues 1, 3 and 4.